IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> vs. <br><br> LADARIUS JENKINS, <br> Defendant. | No. 17 – CR – 112 (1) <br><br> Hon. Judge Robert W. Gettleman <br><br> Hon. Magistrate Young B. Kim |

## HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The Defendant and his attorney are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to Defendant to the extent and subject to the conditions outlined herein.

2. The Defendant's name and date of birth in the instant case are LaDarius Jenkins, 11/15/1992.

3. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, (c) court-ordered forensic psychiatric examinations administered to an individual and the results thereof, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

1

4. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Defendant to attorneys representing the Defendant in the above-captioned litigation.

5. The Defendant and his attorney shall be permitted to use or disclose the protected health information of Defendant for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

6. Prior to disclosing Defendant's protected health information to persons involved in this litigation, counsel shall inform each such person that Defendant's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Defendant's protected health information do not use or disclose such information for any purpose other than this litigation.

7. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Defendant's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Defendant, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

8. This Order does not control or limit the use of protected health information pertaining to Defendant that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

9. Nothing in this Order authorizes counsel for the United States to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

10. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Defendant's protected health information under seal.

11. For the purposes of this qualified protective order, the following variations in name and date of birth which may appear in medical or court records are deemed to be that of the above-named defendant: "11/16/1992", "11/11/1992", "11/15/1989", "LDARIUS JENKINS", "L'DARIUS JENKINS", LDARIUS D. JENKINS", "LADARIUS D. JENKINS".

SO ORDERD.

ENTER: *Robert W. Gettleman*

Hon. Robert W. Gettleman
United States District Judge

Date: Oct. 4, 2017